IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH SMITH ARDELL,

          Plaintiff,                 No. 2:12-cv-2488 LKK EFB P

          vs.

SACRAMENTO SHERIFF'S
DEPARTMENT, et al.,

          Defendants.        <u>ORDER</u>

_____/

      Plaintiff proceeds pro se with this civil action.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).  On February 5, 2013, the court recommended that this action be dismissed for failure to prosecute after plaintiff failed to keep the court apprised of his current address in accordance with Local Rule 183(b).  Plaintiff subsequently filed objections, and notified the court of a change in address.  Dckt. Nos. 12, 13.  Accordingly, the court herein vacates the February 5, 2013 findings and recommendations and screens the complaint pursuant to 28 U.S.C. § 1915(e)(2).

      Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune

1

1  defendant.  Although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S.

2  519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a

3  claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face."

4  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355

5  U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6).  "[A] plaintiff's obligation to provide the

6  'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a

7  formulaic recitation of a cause of action's elements will not do.  Factual allegations must be

8  enough to raise a right to relief above the speculative level on the assumption that all of the

9  complaint's allegations are true." *Id.* (citations omitted).  Dismissal is appropriate based either

10  on the lack of cognizable legal theories or the lack of pleading sufficient facts to support

11  cognizable legal theories.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

12       In reviewing a complaint under this standard, the court must accept as true the allegations

13  of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740

14  (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in

15  the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A *pro se* plaintiff must

16  satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule

17  8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the

18  pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the

19  grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007)

20  (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

21       In dismissing the original complaint with leave to amend, the court informed plaintiff of

22  the deficiencies in his complaint.  *See* Dckt. No. 5.  Specifically, the court noted that plaintiff

23  failed to identify the individual officer who he claims violated his constitutional rights.  Instead,

24  plaintiff claimed that the "Sacramento Sheriff's Department" and unnamed officers violated his

25  rights.  The court informed plaintiff that "[m]unicipalities and other local government units

26  . . . [are] among those persons to whom § 1983 applies."  *Monell v. Dep't of Soc. Servs.*, 436

1  U.S. 658, 690 (1978).  However, a municipal entity or its departments, is liable under § 1983

2  only if plaintiff shows that his constitutional injury was caused by employees acting pursuant to

3  the municipality's policy or custom.  *See Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950,

4  964 (9th Cir. 2008) (citing 436 U.S. at 690-94).

5      The court also informed plaintiff that his allegations were too vague and conclusory to

6  state a cognizable claim for relief.  Although the Federal Rules adopt a flexible pleading policy,

7  a complaint must give fair notice and state the elements of the claim plainly and succinctly.

8  *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  The court informed

9  plaintiff that he must allege with at least some degree of particularity overt acts which

10 defendants engaged in that support plaintiff's claim.  *Id.*

11     In the amended complaint, plaintiff fails to cure these deficiencies.  Plaintiff purports to

12 state claims for violations of his civil rights, and lists four causes of action.  He includes factual

13 allegations suggesting that he may intend to pursue claims based on retaliation, the denial of

14 medical care, excessive force, and/or conspiracy.  While plaintiff links some of these factual

15 allegations to specific individuals, he does not identify those individuals as defendants.  If

16 plaintiff intends to assert a claim against a specific person, he must identify that person as a

17 defendant in the caption of the complaint.  *See* Fed. R. Civ. P. 10(a).  Plaintiff has failed to do

18 this in his amended complaint.

19     The only defendants identified in the amended complaint are the Sacramento Sheriff's

20 Department, the "Officer In-charge [at] Sacramento County Jail," and Does 1-10.

21 Despite the warnings in the initial screening order, the amended complaint does not include facts

22 showing that an employee acting pursuant to a policy or custom of the Sacramento Sheriff's

23 Department caused plaintiff to suffer a constitutional injury.  Thus, the amended complaint fails

24 to state a cognizable claim against the Sacramento Sheriff's Department.

25     Plaintiff's naming of Doe defendants does not cure these deficiencies.  The use of Doe

26 defendants in federal court is problematic, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir.

3

1  1980), and ultimately unnecessary.  Should plaintiff learn the identities of parties he wishes to

2  serve, he must timely move pursuant to Rule 15 of the Federal Rules of Civil Procedure to file an

3  amended complaint to add them as defendants.  *See Brass v. County of Los Angeles*, 328 F.3d

4  1192, 1197-98 (9th Cir. 2003).  If the timing of his amended complaint raises questions as to the

5  statute of limitations, plaintiff must satisfy the requirements of Rule 15(c), which is the

6  controlling procedure for adding defendants whose identities were discovered after

7  commencement of the action.[1]  It is these procedure, not the state court practice of naming

8  fictitious defendants, that plaintiff must follow in seeking to add newly identified parties.

9       For these reasons, plaintiff's complaint must be dismissed.  The court will, however,

10  grant plaintiff leave to file an amended complaint.  Plaintiff is hereby informed of the following

11  legal standards that may be applicable to his intended claims for relief:

12       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

13  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

14  the alleged violation was committed by a person acting under the color of state law.  *West v.*

15  *Atkins*, 487 U.S. 42, 48 (1988).

16       An individual defendant is not liable on a civil rights claim unless the facts establish the

17  defendant's personal involvement in the constitutional deprivation or a causal connection

18  between the defendant's wrongful conduct and the alleged constitutional deprivation.  *See*

19  *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th

20  Cir. 1978).  Plaintiff may not sue any official on the theory that the official is liable for the

21  unconstitutional conduct of his or her subordinates.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948

22  (2009).  Rather, a plaintiff must plead that each defendant, through his own individual actions,

23  has violated the Constitution.  *Id.*  It is plaintiff's responsibility to allege facts to state a plausible

24  

25       [1] Additionally, unknown persons cannot be served with process until they are identified
    by their real names and the court will not investigate the names and identities of unnamed
26  defendants.

1   claim for relief.  *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir.

2   2009).

3          "Municipalities and other local government units . . . [are] among those persons to whom

4   § 1983 applies."  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).  However, a

5   municipal entity or its departments, is liable under § 1983 only if plaintiff shows that his

6   constitutional injury was caused by employees acting pursuant to the municipality's policy or

7   custom.  *See Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008) (citing

8   436 U.S. at 690-94). "[A]n act performed pursuant to a 'custom' that has not been formally

9   approved by an appropriate decisionmaker may fairly subject a municipality to liability on the

10  theory that the relevant practice is so widespread as to have the force of law."  *Board of Cty.*

11  *Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 404 (1997).  A local governmental entity may

12  also be liable if it has a "policy of inaction and such inaction amounts to a failure to protect

13  constitutional rights."  *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir.1992) (citing *City of*

14  *Canton v. Harris*, 489 U.S. 378 (1989)); *see also Monell*, 436 U.S. at 690-91.  The custom or

15  policy of inaction, however, must be the result of a "conscious," *City of Canton*, 489 U.S. at 389,

16  or "'deliberate choice to follow a course of action . . . made from among various alternatives by

17  the official or officials responsible for establishing final policy with respect to the subject matter

18  in question.'" *Oviatt*, 954 F.2d at 1477 (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469,

19  483-84 (1986) (plurality opinion)).

20         To state a viable First Amendment retaliation claim, a prisoner must allege five elements:

21  "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3)

22  that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his

23  First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional

24  goal."  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).  Conduct protected by the

25  First Amendment includes communications that are "part of the grievance process."  *Brodheim*,

26  584 F.3d at 1271 n.4.

5

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).  Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.  *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).  " Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety.  The circumstances, nature, and duration of a deprivation of these necessities must be considered in determining whether a constitutional violation has occurred.  The more basic the need, the shorter the time it can be withheld." *Johnson v. Lewis*, 217 F.3d 726, 731-732 (9th Cir. 2000) (quotations and citations omitted).

Negligence does not amount to a violation of a federal constitutional or statutory right. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("[A] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety[.]"); *see also id.* at 835 ("[D]eliberate indifference describes a state of mind more blameworthy than negligence.").

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . .: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).  While malicious and sadistic uses of force always violate contemporary standards of decency, not every "malevolent touch" by a prison guard is actionable as an Eighth Amendment violation.  *Id.* at 9.  "The Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id.* at 9-10 (internal quotation marks and citations omitted).  What violates the Eighth Amendment is "the unnecessary and wanton

6

1  infliction of pain," i.e., infliction of suffering that is "totally without penological justification."

2  *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981).

3      The following factors are relevant to a determination of whether a use of force violated

4  the Eighth Amendment: (1) the need for the use of force; (2) the relationship between the need

5  for force and the amount used; (3) the extent of injury inflicted; (4) the extent of the threat the

6  officers reasonably perceived the plaintiff to pose to staff and inmate safety; and (5) any efforts

7  made to temper the severity of the forceful response. *Whitley v. Albers*, 475 U.S. 312, 321

8  (1986).

9      To succeed on an Eighth Amendment claim predicated on the denial of medical care, a

10 plaintiff must establish that he had a serious medical need and that the defendant's response to

11 that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see*

12 *also Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A serious medical need exists if the failure to

13 treat the condition could result in further significant injury or the unnecessary and wanton

14 infliction of pain. *Jett*, 439 F.3d at 1096.  Deliberate indifference may be shown by the denial,

15 delay or intentional interference with medical treatment or by the way in which medical care is

16 provided. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).  To act with

17 deliberate indifference, a prison official must both be aware of facts from which the inference

18 could be drawn that a substantial risk of serious harm exists, and he must also draw the

19 inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Thus, a defendant is liable if he

20 knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to

21 take reasonable measures to abate it." *Id.* at 847.  "[I]t is enough that the official acted or failed

22 to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842.  A physician need

23 not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights.

24 *Ortiz v. City of Imperial*, 884 F.2d 1312, 1314 (9th Cir. 1989).  A failure to competently treat a

25 serious medical condition, even if some treatment is prescribed, may constitute deliberate

26 indifference in a particular case. *Id.*  It is well established that mere differences of opinion

1   concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation.

2   *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *Franklin v. Oregon*, 662 F.2d 1337, 1344

3   (9th Cir. 1981).

4          In order to state a claim for conspiracy, plaintiff must allege specific facts showing two

5   or more persons intended to accomplish an unlawful objective of causing plaintiff harm and took

6   some concerted action in furtherance thereof. *Gilbrook v. City of Westminster*, 177 F.3d 839,

7   856-57 (9th Cir. 1999); *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998) (to state claim for

8   conspiracy under § 1983, plaintiff must allege facts showing an agreement among the alleged

9   conspirators to deprive him of his rights); *Delew v. Wagner*, 143 F.3d 1219, 1223 (9th Cir. 1998)

10  (to state claim for conspiracy under § 1983, plaintiff must allege at least facts from which such

11  an agreement to deprive him of rights may be inferred); *Burns v. County of King*, 883 F.2d 819,

12  821 (9th Cir. 1989) (per curiam) (conclusory allegations of conspiracy insufficient to state a

13  valid § 1983 claim); *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir.

14  1988).

15         Plaintiff will be granted leave to file an amended complaint, if plaintiff can allege a

16  cognizable legal theory against a proper defendant and sufficient facts in support of that

17  cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)

18  (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in

19  their complaints). Should plaintiff choose to file an amended complaint, the amended complaint

20  *shall clearly set forth the claims and allegations against each defendant*. Any amended

21  complaint must cure the deficiencies identified above and also adhere to the following

22  requirements:

23         Any amended complaint must identify as a defendant only persons who personally

24  participated in a substantial way in depriving him of a federal constitutional right. *Johnson v.*

25  *Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a

26  constitutional right if he does an act, participates in another's act or omits to perform an act he

is legally required to do that causes the alleged deprivation).   It must also contain a caption including the names of all defendants.  Fed. R. Civ. P. 10(a).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint.  L.R. 220.  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Accordingly, IT IS HEREBY ORDERED that:

1.  The February 5, 2013 findings and recommendations (Dckt. No. 7) are vacated; and

2.  The complaint is dismissed with leave to amend within 30 days.  The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint."  Failure to comply with this order may result in a recommendation that this action be dismissed.

Dated:  April 8, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE